# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC.,
PORT CATHETER PRODUCTS LIABILITY LITIGATION**                MDL No. 3125

## TRANSFER ORDER

    **Before the Panel**:[*] Plaintiffs in nineteen actions move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Missouri.  The litigation consists of 23 actions pending in sixteen districts, as listed on Schedule A.  Additionally, the Panel is aware of 33 potential tag-along actions in nineteen districts.[1]  Plaintiff in the District of Utah *Berrett* action supports centralization in the Western District of Missouri.  Defendants AngioDynamics, Inc., and Navilyst Medical, Inc. oppose the motion and, alternatively, suggest centralization in the Northern District of New York, the Southern District of California, or the Middle District of Alabama.  Defendant PFM Medical, Inc., opposes centralization and, alternatively, suggests centralization in the Southern District of California; as a further alternative, defendant does not object to centralization in the Northern District of New York.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions can be expected to share factual questions arising from allegations that defendants manufacture the catheter component of their port devices with an excessive concentration of barium sulfate, causing the material to degrade and the surface of the catheter to pit or crack.  As a result, plaintiffs contend, the catheters are prone to fracture and to collect fibrinous blood products, which causes perforation, infections, and blood clots, among other injuries.  All actions share common issues of fact relating to the design, development, testing, manufacture, marketing, and sale of the devices, and the warnings provided with them.  Centralization offers an opportunity to substantially streamline pretrial proceedings, reduce duplicative discovery and conflicting pretrial obligations, and prevent inconsistent rulings on common evidentiary challenges.

    In opposing centralization, defendants argue that case-specific factual issues will predominate over any factual questions common to all actions.  They note that the actions involve

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

- 2 -

multiple different port product lines, each subject to a different FDA-clearance submission, and a variety of different injuries. But the statute does not contain a predominance requirement. *See* 28 U.S.C. § 1407(a) ("When civil actions involving *one or more* common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.") (emphasis added). As we have held, "almost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences have not been an impediment to centralization in the past." *In re Wright Med. Tech., Inc., Conserve Hip Implant Prods. Liab. Litig.*, 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Section 1407 does not require even a majority of common issues of fact; rather, it requires that actions share "one or more" common issues of fact. *See In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) ("Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer."). To the extent predominance is a factor, it is only one factor that the Panel considers in determining whether centralization will result in significant efficiencies for the parties, witnesses, and the courts.

Defendants also argue that centralization is unnecessary because they have informally coordinated previous similar actions with plaintiffs' counsel, and those actions resolved early with little judicial involvement. While such efforts at cooperation are laudable, we are not persuaded that informal coordination would be feasible in view of the current number of involved cases and districts. There now are 56 actions pending in 28 districts.

We select the Southern District of California as the transferee district for this nationwide litigation. Five involved actions are pending there. Defendant PFM Medical is headquartered in the district, and all defendants alternatively support centralization there. We assign the litigation to Judge Jinsook Ohta, who presides over the *Brierly* action. Judge Ohta is a skilled jurist, and we are confident that she will manage the litigation in an efficient manner.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Jinsook Ohta for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly           David C. Norton
Roger T. Benitez              Dale A. Kimball
Madeline Cox Arleo

**IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC.,**
**PORT CATHETER PRODUCTS LIABILITY LITIGATION**          MDL No. 3125

## SCHEDULE A

<u>Middle District of Alabama</u>

MORRIS v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:23−00294
SMITH v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−00112

<u>Southern District of California</u>

COLEMAN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−00825
BRIERLY v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−00865

<u>Middle District of Florida</u>

JONES v. ANGIODYNAMICS, INC., ET AL., C.A. No. 6:23−01554

<u>Northern District of Georgia</u>

MCMILLIAN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−02212

<u>Northern District of Illinois</u>

BARNES v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−02008

<u>Southern District of Iowa</u>

BROCKWAY v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:24−00133

<u>Eastern District of Kentucky</u>

PRESTON v. ANGIODYNAMICS, INC., ET AL., C.A. No. 7:24−00025

<u>Western District of Kentucky</u>

HARVEY v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−00414
HOWARD v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:24−00046

<u>Eastern District of Michigan</u>

GHABRA v. ANGIODYNAMICS, INC., ET AL., C.A. No. 5:24−11436

-A2

### Eastern District of Missouri

TIMMONS v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−00032
BOYER v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:23−01179

### Western District of Missouri

LARSON, ET AL. v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−04114
COLYER, ET AL. v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−04121
BALDWIN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−05055

### Northern District of Ohio

KITCHEN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−00132
ZUPPO v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:24−00904

### Eastern District of Tennessee

GARST v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:23−00161

### Southern District of Texas

HERNANDEZ-AYALA v. ANGIODYNAMICS, INC., ET AL., C.A. No. 7:23−00384

### District of Utah

BERRETT v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−00101

### Northern District of West Virginia

PETTIT v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:22−00097